# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, | |
| Plaintiff, | Civil Case No. 5:17-cv-1609 |
| v. | |
| KATANA BUFFET & GRILL, INC., an Ohio corporation; HUI MIN WU, an individual; | JUDGE |
| Defendants. | |

## COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain Defendants, Katana Buffet, Inc., an Ohio corporation, and Hui Min Wu; an individual; (hereinafter collectively "Defendants"), from violating the provisions of Sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 *et seq.*) (hereinafter "the Act"), pursuant to Section 17 of the Act.

### I.

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act and 28 U.S.C. §1345.

### II.

(a)  Defendant Katana Buffet & Grill, Inc. ("Katana") is, and at all times hereinafter mentioned, was an Ohio corporation with an office and place of business at

4758 Everhard Rd., NW, Canton Ohio, in Stark County, within the jurisdiction of this Court, and is, and at all times hereinafter mentioned, was engaged in operating a buffet-style restaurant and in the performance of related types of activities.

(b)  Defendant Hui Min Wu, an individual, resides at 8516 Timber Park Dr., Dayton, Ohio, within the jurisdiction of this Court.  Defendant Wu is a 100% shareholder of Defendant Katana and at all times hereinafter mentioned, acted directly or indirectly in the interest of Katana in relation to its employees.

### III.

Defendants are, and at all times hereinafter mentioned, were engaged in related activities performed through unified operation or common control for a common business purpose and at all times hereinafter mentioned, were an enterprise within the meaning of Section 3(r) of the Act.

### IV.

Defendants are, and at all times hereinafter mentioned were, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

### V.

Defendants violated the provisions of Sections 6 and 15(a)(2) of the Act by employing employees engaged in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, for wages at a rate less than $7.25 per hour for time worked beginning on April 15, 2014.  Specifically, Defendants paid its servers no wages.  Defendants' servers received tips only.

### VI.

Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act, by employing employees who were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act as aforesaid, for workweeks longer than forty (40) hours, without compensating said employees for hours worked in excess of forty (40) hours per week at rates not less than one and one-half times the regular rate at which they were employed.  Specifically, Defendants improperly paid only straight time wages to its non-tipped employees and paid no overtime to its tipped employees.

### VII.

Defendants, employers subject to the provisions of the Act, violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of their employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by

regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. §516, in that records fail to show adequately and accurately, among other things, the names and social security numbers of employees, the number of hours worked each day and each workweek by their employees, and amount of tips the tipped employees received.

## VIII.

During the period since at least April 15, 2014, Defendants have violated the provisions of the Act as set forth above.  A judgment that enjoins and restrains such violations is expressly authorized by Section 17 of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

A. For an Order pursuant to Section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents servants, employees, and those persons in active concert or participation with them, from prospectively violating the Act; and

B. For an Order granting such other and further relief as may be necessary and appropriate.

<u>/s/Maureen M. Cafferkey</u>
MAUREEN M. CAFFERKEY (0031165)
Counsel for Wage & Hour and Civil Rights
U.S. Department of Labor
881 Federal Office Building
1240 East Ninth Street
Cleveland, Ohio 44199
(216) 522-3870; Fax (216) 522-7172
*cafferkey.maureen@dol.gov*

OF COUNSEL:

CHRISTINE Z. HERI
Regional Solicitor

BENJAMIN T. CHINNI
Associate Regional Solicitor